Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 547 | **DATE** | February 14, 2011 |
| **CASE TITLE** | *Christwell v. Village of Oak Lawn* | | |

**DOCKET ENTRY TEXT:**

Ms. Chriswell's claims against the Village of Oak Lawn and the "Oaklawn Police Agency" must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and her motion for leave to proceed in forma pauperis [#3] is denied without prejudice.

■ [ For further details see text below.]

## STATEMENT

Pro se plaintiff Erica Chriswell seeks leave to proceed in forma pauperis. This court has the power to screen complaints filed by all litigants prior to service, regardless of their fee status, and must dismiss a complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Because Ms. Chriswell is proceeding pro se, the court has construed her filings liberally.

Ms. Chriswell alleges excessive force claims against the Village of Oak Lawn and the "Oaklawn Police Agency" based on her detention on December 2, 2009, following a traffic stop. A municipality cannot be held liable for a constitutional violation in the absence of a custom, policy or practice that effectively caused or condoned the alleged constitutional violations. *See, e.g., Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010); *Monell v. Dep't. of Soc. Serv. of City of New York*, 436 U.S. 658, 694 (1978). To establish an official policy or custom, a plaintiff must show that her constitutional injury was caused by: (1) the enforcement of an express policy; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a person with final policy-making authority. *Wragg*, 604 F.3d at 468 (citations omitted).

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

| STATEMENT |
|---|

Here, Ms. Chriswell has not alleged that the alleged actions on December 2, 2009, were based on a municipal policy or custom. Accordingly, her claims against the Village of Oak Lawn and the "Oaklawn Police Agency" must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. To the extent that she wishes to raise an excessive force claim, she may file an amended complaint by March 10, 2011 that is directed against the individual officers involved in the incident. If Ms. Christwell alleges a colorable claim, the court will consider whether any municipal entities need to be joined as parties for indemnification purposes.

This means that Ms. Chriswell's motion for leave to proceed in forma pauperis [#3] is denied as moot. In the interests of completeness, however, the court notes that "[i]n evaluating the funds available to in forma pauperis movants, courts may consider the income or resources of interested persons, such as spouses and parents." *Akkaraju v. Ashcroft*, No. 03 C 6447, 2003 WL 22232969 at *4 (N.D. Ill. Sept. 26, 2003) (collecting cases); *see also Fridman v. City of New York*, 195 F.Supp.2d 534, 537 (S.D.N.Y.2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend"). Ms. Chriswell appears to be living with her grandmother, who (according to Ms. Chriswell) owns a two-flat building with no mortgage that is worth $5,000, receives $300/month in rental income, and has no other source of income. Another individual in the household receives a pension of $1,600 (presumably monthly). As noted on the in forma pauperis form provided by the court and used by Ms. Chriswell, litigants must ensure that they compete the form fully and accurately as any untrue allegations of poverty shall lead to dismissal of the complaint. *See* 28 U.S.C. § 1915(e)(2)(A). Thus, if Ms. Chriswell needs to renew her motion, she should carefully consider her answers to the questions on the form and ensure that she discloses all relevant financial information.